**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4880

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

KRISTOPHER AARON HUFFMAN,

                    Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.  Robert C. Chambers,
Chief District Judge.  (3:11-cr-00043-1)

Submitted:  March 10, 2014          Decided:  March 14, 2014

Before SHEDD, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Acting Federal Public Defender, Jonathan D.
Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal
Public Defender, Charleston, West Virginia, for Appellant.  R.
Booth Goodwin II, United States Attorney, Joseph F. Adams,
Assistant United States Attorney, Huntington, West Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kristopher Aaron Huffman appeals the sentence of ten months of imprisonment imposed upon revocation of probation. On appeal, Huffman does not contest the district court's decision to revoke his probation, and acknowledges that the district court "properly calculated both advisory Guidelines ranges and gave the parties an opportunity to argue for an appropriate sentence." (Appellant's Br. at 11). Huffman argues that his sentence is plainly unreasonable because the district court procedurally erred by failing "to adequately explain why the sentence it imposed was 'sufficient, but not greater than necessary' to comply with the purposes of sentencing." (Appellant's Br. at 8). We affirm.

Upon a finding of a probation violation, the district court may revoke probation and resentence the defendant to any sentence within the statutory maximum for the original offense. 18 U.S.C. § 3565(a) (2012); United States v. Schaefer, 120 F.3d 505, 507 (4th Cir. 1997). This court "review[s] probation revocation sentences, like supervised release revocation sentences, to determine if they are plainly unreasonable." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). The first step in this analysis is a determination of whether the sentence was unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006).

Although a district court must consider the policy statements in Chapter Seven of the sentencing guidelines along with the statutory requirements of 18 U.S.C. § 3553(a) (2012), "the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks and citation omitted); see also Moulden, 478 F.3d at 656-57. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). "We may be hard-pressed to find any explanation for within-range revocation sentences insufficient given the amount of deference we afford district courts when imposing these sentences . . . ." Id. If a sentence imposed after a revocation is not unreasonable, this court will not proceed to the second prong of the analysis — whether the sentence was plainly unreasonable. Crudup, 461 F.3d at 439.

Our review of the record leads us to conclude that the district court provided an adequate explanation of its sentencing determination, and the sentence is procedurally reasonable. Thus, "it necessarily follows that [Huffman's] sentence is not plainly unreasonable." Id. at 440.

3

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED